UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
AMERICAN   EMPIRE SURPLUS LINES       :
INSURANCE COMPANY,

                                      :

            Plaintiff,                    ORDER FOR CONFERENCE

                                      :   PURSUANT TO RULE 16

      -v.-

                                      :   20 Civ. 2709 (LTS ) (GWG)


WORLD CLASS DEMOLITION CORP.,         :

            Defendant.                :
---------------------------------------------------------------x
GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE


      This action is scheduled for an initial case management conference by telephone pursuant

to Fed. R. Civ. P. 16(a), on June 17, 2020, at 4:00 p.m.  At that time, the parties shall dial (888)

557-8511 and use access code: 6642374.  (The public may also dial in but will be permitted only

to listen.)  The Court will record the proceeding for purposes of transcription in the event a

transcript is ordered.  However, any other recording or dissemination of the proceeding in any

form is forbidden.  As described below, the parties must also file a proposed scheduling order

two business days before the conference date, or June 15, 2020.

      When addressing the Court, counsel must not use a speakerphone.

      Upon receipt of this order, each counsel is directed to confirm with all other counsel that

each party to this proceeding has received a copy of this order.

      In addition, please note that the Federal Rules of Civil Procedure require the parties to

confer before this conference to discuss the matters set forth in Fed. R. Civ. P. 26(f).  To fulfill

the requirement of Fed. R. Civ. P. 26(f) that the parties submit a written proposed discovery

plan, the parties shall file <u>two business days before the conference</u> a "Proposed Scheduling

Order." The "Proposed Scheduling Order" shall be filed on ECF either as an attachment to a

letter or by itself. The "Proposed Scheduling Order" shall contain the case caption and the

following information:

1.    The appearances for the parties; including the individual attorney's name, the law firm's name, the party(ies) represented, business address, business phone number, and email.

2.    a concise statement of the issues as they then appear;

3.    a proposed schedule including:

      a.    dates for initial document requests and initial interrogatories;

      b.    a deadline for joining parties or filing amended pleadings;

      c.    the names of non-expert witnesses expected at this time to be deposed (if known) and either specific dates or a timetable for when depositions will take place;

      d.    a date by which all non-expert discovery shall be completed;

      e.    in the event either side contemplates calling an expert witness, (i) anticipated fields of expert testimony; (ii) dates by which the disclosures of the identities and reports of experts required by Rule 26(a)(2) will be made; and (iii) the date by which depositions of experts shall be completed;

      f.    the date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which the parties will submit a joint pretrial order in accordance with procedures of the judge before whom the trial will be conducted;[2] and

---

[2] This paragraph shall also include the following statement, either in text or in a footnote: "The parties shall follow the rules of the assigned District Judge with respect to any

4.      a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

5.      a brief description of any discovery issues, including issues regarding the production of electronically stored information, as to which the parties have been unable to reach an agreement;

6.      anticipated length of trial and whether, and by whom, a jury has been requested;

7.      an approximate date or stage of the case when the parties believe it would be most helpful to engage in settlement discussions with the assistance of a mediator and whether the parties plan to engage a private mediator;

8.      The following paragraph reproduced verbatim:

"All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery.  Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices.  Any application not in compliance with this paragraph will be denied.   To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material."

9.      A signature line for the undersigned.

To the extent the parties disagree on the dates or other terms of the proposed schedule, such disagreement may be noted in the document.

As explained in the Court's Individual Practices (posted at: https://www.nysd.uscourts.gov/hon-gabriel-w-gorenstein), any application for a change in the date of the conference must be made in a writing sent to the undersigned or filed on ECF

---

pre-motion conference, filing or other requirements for dispositive motions."

3

promptly upon learning of the need for the change in date.  Prior to making such a request for an

adjournment, the party so requesting should contact the Deputy Clerk ((212) 805-4260) to

determine alternative dates on which the Court is available for a rescheduled court appearance.

The party must then make an application for an adjournment by letter that includes (1) a

statement as to all other parties' positions on the proposed change in date and (2) a proposal for

an alternative date for the conference (as provided by the Deputy Clerk) for which all parties are

available.

Dated:  New York, New York
         June 3, 2020

                         SO ORDERED:

                         GABRIEL W. GORENSTEIN
                         United States Magistrate Judge