

Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T.516.294.8844  F.516.294.8202
www.lbcclaw.com

Maureen E. O'Connor
Of Counsel

moconnor@lbcclaw.com

September 11, 2020

**BY ECF and FACSIMILE**
Fax to: (212) 805-4268

**MEMORANDUM ENDORSEMENT**

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *American Empire Surplus Lines Insurance Company v.*
    *World Class Demolition Corp.*
    Case No.: 20-CV-2709 (LTS)(GWG)

Dear Magistrate Judge Gorenstein:

  We represent plaintiff American Empire Surplus Lines Insurance Company ("American Empire"). This is submitted in support of American Empire's request for a pre-motion conference, seeking to file a discovery motion against defendant World Class Demolition Corp. ("World Class"), based upon World Class' failure to cooperate with discovery deadlines.

  By way of background, this action seeks recovery of $453,273 in additional premium owed by World Class as a result of a premium audit done on a January 2016-January 2017 commercial general liability insurance policy which American Empire issued to World Class. Prior to the institution of this action, back in July 2017 after World Class' refusal to cooperate with the premium audit process, American Empire was forced to commence a prior lawsuit seeking to compel World Class' compliance with the audit. After 2½ years of unnecessary litigation, the prior action ultimately resulted in American Empire prevailing on a summary judgment motion directing World Class to submit to the audit.

  The premium audit was thereafter completed in March 2020, the results were sent to World Class' counsel, and payment was not made, leading American Empire to commence the instant action. Since the commencement of this action in April 2020, the undersigned has been

in ongoing contact with World Class' counsel in an effort to reach a resolution of this matter, to no avail.

Based upon this, American Empire needs to conduct a limited amount of discovery to obtain admissible evidence to refute World Class' alleged defenses and counterclaims asserted in its answer, with an aim towards filing a summary judgment motion and expeditiously resolving this case.

On June 17, 2020, an Initial Pretrial Conference was held by Your Honor, at which time the parties' proposed Scheduling Order was adopted. The Scheduling Order provided for the deposition of a witness from World Class with knowledge of any alleged dispute with audit findings, to be taken by September 30, 2020. As such, American Empire served Interrogatories and a Request for Production of Documents on World Class' counsel on June 22, 2020, the responses to which were due within thirty days, but have not yet been received. Additionally, we advised World Class' counsel that we require these responses in advance of the World Class witness' deposition, which we need to schedule to take place by September 30, 2020. Since that time, we have spoken with and corresponded with World Class' counsel several times concerning this matter, but responses have not been forthcoming.

In compliance with the Court's rules, in an effort to resolve this dispute, we reached out to World Class' counsel requesting a telephone conference, to discuss the outstanding discovery issues and our intention to file a pre-motion conference request and a discovery motion. The request was e-mailed to counsel on Wednesday, September 9, 2020, but World Class' counsel has not responded to our request for a conference.

Based upon this, the undersigned respectfully requests a pre-motion conference to resolve the discovery disputes with World Class' counsel.

Respectfully Submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

*Maureen E O'Connor*

MAUREEN E. O'CONNOR

MEO/hs

cc: Defendant's counsel (*by ECF*)

Memorandum Endorsement 20 Civ. 2709 on docket #16

Peter Reynold Sullivan is directed to contact plaintiff's counsel today or Monday to confer on these matters.  If there is an impediment to doing so, Mr. Sullivan shall file a letter by noon on September 14 explaining what it is.  The within application is denied without prejudice to a new application that either (1) complies with paragraph 2.A of the Court's Individual Practices or (2) is addressed solely to the issue of whether this Order has been complied with.

So ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
September 11, 2020